## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE DEITER | : | |
| | : | |
| V. | : | |
| | : | CIVIL ACTION NO.: |
| DAVID LEMEE, YRC, INC., YRC | : | 5:12-CV-3101 |
| WORLDWIDE, INC., ROADWAY | : | |
| EXPRESS, INC., YELLOW ROADWAY | : | JURY TRIAL DEMANDED |
| CORP., YELLOW FREIGHT SYSTEM, | : | |
| INC. YELLOW TRANSPORTATION, | : | |
| INC. t/d/b/a   YELLOW TRANSPORT, | : | |
| INC. | : | |

## ANSWER, WITH SEPARATE AFFIRMATIVE DEFENSES, OF DEFENDANTS DAVID LEMEE, YRC WORLDWIDE INC. AND YRC INC. TO PLAINTIFF'S COMPLAINT

1.      Denied.  After reasonable investigation, defendants David Lemee ("Lemee"), YRC Worldwide Inc. ("YRC Worldwide") and YRC Inc. ("YRC") (collectively, "answering defendants") are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the complaint, and the same are accordingly denied.  Strict proof thereof is demanded.

2.      Admitted.

3.      Denied as stated.  Defendant YRC Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas, 66211.

4.      Denied as stated.  Defendant YRC Worldwide Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas, 66211.

950019_1

5.     Denied.  In 2008, Roadway Express, Inc. merged with Yellow Transportation, Inc. to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Roadway Express, Inc. no longer existed as a viable entity at the time of the alleged accident.

6.     Denied.  In 2008, Yellow Roadway Corp.'s name was changed to YRC Inc.  To the best of answering defendants' knowledge and belief, Yellow Roadway Corp. no longer existed as a viable entity at the time of the alleged accident.

7.     Denied.  In 2002, Yellow Freight System, Inc.'s name was changed to Yellow Transportation, Inc., which merged with Roadway Express, Inc. in 2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Yellow Freight System, Inc. no longer existed as a viable entity at the time of the alleged accident.

8.     Denied.  In 2008, Yellow Transportation, Inc. (incorrectly alternatively named "t/d/b/a Yellow Transport, Inc." by plaintiff) merged with Roadway Express, Inc. to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Yellow Transportation, Inc. longer existed as a viable entity at the time of the alleged accident.

9.     Admitted in part, denied in part.  On December 7, 2009, Lemee was operating a 2007 Volvo twin tractor trailer.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 9 of the complaint, and the same are accordingly denied.  Strict proof thereof is demanded.

2

10.     Denied as stated.  The tractor trailer operated by Lemee on December 7, 2009 was owned by his employer, YRC Inc.  The remaining aversions of paragraph 10 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

11.     Denied.  The tractor trailer operated by Lemee on December 7, 2009 was owned by his employer, YRC Inc., to whom YRC Worldwide Inc. is the parent corporation.  The remaining aversions of paragraph 10 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

12-15.  Denied.  Answering defendants incorporate by reference the averments set forth in paragraphs 5 through 8 above.  To the best of answering defendants' knowledge and belief, Roadway Express, Inc., Yellow Roadway Corp., Inc., Yellow Freight System, Inc. and Yellow Transportation, Inc. did not exist as viable entities at the time of the alleged accident.

16-17.  Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 16 and 17 of the complaint, and the same are accordingly denied.  Strict proof thereof is demanded.

18.     Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the complaint, and the same are accordingly denied.  Strict proof thereof is demanded.

19.     Admitted in part, denied in part.  It is admitted only that on December 7, 2009, Lemee was operating a tractor trailer owned by his employer, YRC Inc. with its permission, proceeding eastbound on I-78.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of remaining averments of

3

paragraph 19 of the complaint, and the same are accordingly denied. Strict proof thereof is demanded.

20-21. Admitted in part, denied in part. It is admitted only that on December 7, 2009, Lemee was an employee of YRC Inc. The remaining averments of paragraphs 20 to 21 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

22-23. Denied. On December 7, 2009, Lemee was an employee of YRC Inc., to whom YRC Worldwide Inc. is the parent corporation. The remaining averments of paragraphs 22 to 23 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

24-31. Denied. Answering defendants incorporate by reference the averments set forth in paragraphs 5 through 8 above. To the best of answering defendants' knowledge and belief, Roadway Express, Inc., Yellow Roadway Corp., Inc., Yellow Freight System, Inc. and Yellow Transportation, Inc. no longer existed as viable entities at the time of the alleged accident.

32. Denied as stated. It is admitted only that on December 7, 2009, Lemee was operating a tractor trailer with the permission of his employer, YRC Inc. The remaining averments of paragraph 23 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

33. Denied. On December 7, 2009, Lemee was operating a tractor trailer with the permission of his employer, YRC Inc., to whom YRC Worldwide Inc. is the parent corporation.

34-37. Denied. Answering defendants incorporate by reference the averments set forth in paragraphs 5 through 8 above. To the best of answering defendants' knowledge and belief,

4

Roadway Express, Inc., Yellow Roadway Corp., Inc., Yellow Freight System, Inc. and Yellow Transportation, Inc. no longer existed as viable entities at the time of the alleged accident.

38-39.   Denied.   The averments contained in paragraphs 38 to 39 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

40-43.   Denied.   The averments contained in paragraphs 40 to 43 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.   By way of further answer, answering defendants incorporate by reference the averments of paragraphs 5 through 8 above.   To the best of answering defendants' knowledge and belief, Roadway Express, Inc., Yellow Roadway Corp., Yellow Freight System, Inc. and Yellow Transportation, Inc. no longer existed as viable entities at the time of the alleged accident.

44-46.   Denied.   Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.   After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 44 through 46 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.   Strict proof thereof is demanded.   The remaining averments of paragraphs 44 through 46 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

5

950019_1

## COUNT I
## CHRISTINE DEITER V. DAVID A. LEMEE
## NEGLIGENCE

47.     Answering defendants incorporate the averments of paragraphs 1 through 46 inclusive as though fully set forth at length herein.

48(a)-(dd).     Denied.  All averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  The remaining averments of paragraph 48(a)-(dd) constitute mere conclusions of law to which no responsive pleading is required.  If and to the extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

49-54. Denied.  Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 49 through 54 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.  Strict proof thereof is demanded.  The remaining averments of paragraphs 49 through 54 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT II
## CHRISTINE DEITER V. YRC INC.
## NEGLIGENCE

55.     Answering defendants incorporate the averments of paragraphs 1 through 54 inclusive as though fully set forth at length herein.

6

950019_1

56(a)-(gg).  Denied.  All averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  The remaining averments of paragraph 56(a)-(gg) constitute mere conclusions of law to which no responsive pleading is required.  If and to the extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

57-62.  Denied.  Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 57 through 62 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.  Strict proof thereof is demanded.  The remaining averments of paragraphs 57 through 62 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT III**
**CHRISTINE DEITER V. YRC INC.**
**NEGLIGENT ENTRUSTMENT**

63.   Answering defendants incorporate the averments of paragraphs 1 through 62 inclusive as though fully set forth at length herein.

64(a)-(l).  Denied.  All averments of negligence, carelessness and/or negligent entrustment on the part of answering defendants are specifically denied.  The remaining averments of paragraph 64(a)-(l) constitute mere conclusions of law to which no responsive pleading is required.  If and to the extent any such responsive pleading is required, said

7

averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

65-69.  Denied.  Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 65 through 69 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.  Strict proof thereof is demanded.  The remaining averments of paragraphs 65 through 69 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE,** answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT IV
## CHRISTINE DEITER V. YRC INC.
## AGENCY

70.  Answering defendants incorporate the averments of paragraphs 1 through 69 inclusive as though fully set forth at length herein.

71.  Denied as stated.  On the date of the alleged accident, December 7, 2009, defendant David Lemee was employed by defendant YRC Inc.

72-73.  Denied as stated.  On December 7, 2009, defendant David Lemee was employed by defendant YRC Inc.  It is specifically denied that YRC Inc. is vicariously liable since to the contrary, Lemee was not negligent.  The remaining averments of paragraphs 72 to 73 are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

8

950019_1

74(a)-(dd).  Denied.  Any and all averments of negligence, carelessness and/or recklessness on the part of answering defendants are specifically denied.  The remaining averments of paragraph 74(a)-(dd) constitute mere conclusions of law to which no responsive pleading is required.  If and to the extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

75-79.  Denied.  Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 75 through 79 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.  Strict proof thereof is demanded.  The remaining averments of paragraphs 75 through 79 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT V
## CHRISTINE DEITER V. YRC WORLDWIDE, INC.
## NEGLIGENCE

80.  Answering defendants incorporate the averments of paragraphs 1 through 79 inclusive as though fully set forth at length herein.

81(a)-(gg).  Denied.  All averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  The remaining averments of paragraph 81(a)-(gg) constitute mere conclusions of law to which no responsive pleading is required.  If and to the

9

extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

82-87. Denied. Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 82 through 87 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied. Strict proof thereof is demanded. The remaining averments of paragraphs 82 through 87 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE,** answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT VI
## CHRISTINE DEITER V. YRC WORLDWIDE, INC.
## NEGLIGENT ENTRUSTMENT

88. Answering defendants incorporate the averments of paragraphs 1 through 87 inclusive as though fully set forth at length herein.

89(a)-(l). Denied. All averments of negligence, carelessness and/or negligent entrustment on the part of answering defendants are specifically denied. The remaining averments of paragraphs 89(a)-(l) constitute mere conclusions of law to which no responsive pleading is required. If and to the extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

950019_1

90-94. Denied. Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 90 through 94 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied. Strict proof thereof is demanded. The remaining averments of paragraphs 90 through 94 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT VII**
**CHRISTINE DEITER V. YRC WORLDWIDE, INC.**
**AGENCY**

95.     Answering defendants incorporate the averments of paragraphs 1 through 94 inclusive as though fully set forth at length herein.

96.     Denied. On the date of the alleged accident, December 7, 2009, defendant David Lemee was employed by defendant YRC Inc., to whom YRC Worldwide Inc. is the parent corporation.

97-98. Denied. On December 7, 2009, defendant David Lemee was employed by defendant YRC Inc., to whom YRC Worldwide Inc. is the parent corporation  It is specifically denied that YRC Worldwide Inc. is vicariously liable since to the contrary, Lemee was not negligent. The remaining averments of paragraphs 97 to 98 are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

11

99(a)-(dd).  Denied.  Any and all averments of negligence, carelessness and/or recklessness on the part of answering defendants are specifically denied.  The remaining averments of paragraph 99(a)-(dd) constitute mere conclusions of law to which no responsive pleading is required.  If and to the extent any such responsive pleading is required, said averments are accordingly denied and strict proof is demanded at the time of trial as to answering defendants.

100-104.       Denied.  Any and all averments of negligence and/or carelessness on the part of answering defendants are specifically denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 100 through 104 of the complaint regarding plaintiff's alleged injuries and/or damages, and the same are accordingly denied.  Strict proof thereof is demanded.  The remaining averments of paragraphs 100 through 104 of the complaint are conclusions of law to which no responsive pleading is required, and the same are accordingly denied.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT VIII**
**CHRISTINE DEITER V. ROADWAY EXPRESS, INC.**
**NEGLIGENCE**

105.    Answering defendants incorporate the averments of paragraphs 1 through 104 inclusive as though fully set forth at length herein.

106-112.       Denied.  Roadway Express, Inc. merged with Yellow Transportation, Inc. in 2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Roadway Express, Inc. no longer existed as

12

a viable entity at the time of the alleged accident.  By way of further answer, answering

defendants incorporate by reference the averments set forth in paragraphs 56 through 62 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC

Inc. respectfully request that this Honorable Court grant judgment in their favor and against

plaintiff, Christine Deiter.

**COUNT IX**
**CHRISTINE DEITER V. ROADWAY EXPRESS, INC.**
**NEGLIGENT ENTRUSTMENT**

113.   Answering defendants incorporate the averments of paragraphs 1 through 112

inclusive as though fully set forth at length herein.

114-119.   Denied.  Roadway Express, Inc. merged with Yellow Transportation, Inc. in

2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the

best of answering defendants' knowledge and belief, Roadway Express, Inc. no longer existed as

a viable entity at the time of the alleged accident.  By way of further answer, answering

defendants incorporate by reference the averments set forth in paragraphs 64 through 69 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC

Inc. respectfully request that this Honorable Court grant judgment in their favor and against

plaintiff, Christine Deiter.

**COUNT X**
**CHRISTINE DEITER V. ROADWAY EXPRESS, INC.**
**AGENCY**

120.   Answering defendants incorporate the averments of paragraphs 1 through 119

inclusive as though fully set forth at length herein.

121-129.   Denied.  Roadway Express, Inc. merged with Yellow Transportation, Inc. in

2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the

13

best of answering defendants' knowledge and belief, Roadway Express, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 71 through 79 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT XI
## CHRISTINE DEITER V. YELLOW ROADWAY CORP.
## NEGLIGENCE

130.    Answering defendants incorporate the averments of paragraphs 1 through 129 inclusive as though fully set forth at length herein.

131-137.    Denied. Yellow Roadway Corp.'s name was changed to YRC Inc. in 2008. To the best of answering defendants' knowledge and belief, Yellow Roadway Corp. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 56 through 62 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT XII
## CHRISTINE DEITER V. YELLOW ROADWAY CORP.
## NEGLIGENT ENTRUSTMENT

138.    Answering defendants incorporate the averments of paragraphs 1 through 137 inclusive as though fully set forth at length herein.

139-144.  Denied.  Yellow Roadway Corp.'s name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Yellow Roadway Corp. no longer existed as a viable entity at the time of the alleged accident.  By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 64 through 69 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT XIII**
**CHRISTINE DEITER V. YELLOW ROADWAY CORP.**
**AGENCY**

145.    Answering defendants incorporate the averments of paragraphs 1 through 144 inclusive as though fully set forth at length herein.

146-154.  Denied.  Yellow Roadway Corp.'s name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Yellow Roadway Corp. no longer existed as a viable entity at the time of the alleged accident.  By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 71 through 79 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

950019_1

## COUNT XIV
## CHRISTINE DEITER V. YELLOW FREIGHT SYSTEM, INC.
## NEGLIGENCE

155.    Answering defendants incorporate the averments of paragraphs 1 through 154 inclusive as though fully set forth at length herein.

156-162.    Denied. In 2002, Yellow Freight System, Inc.'s name was changed to Yellow Transportation, Inc., who merged with Roadway Express, Inc. in 2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008. To the best of answering defendants' knowledge and belief, Yellow Freight System, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 56 through 62 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

## COUNT XV
## CHRISTINE DEITER V. YELLOW FREIGHT SYSTEM, INC.
## NEGLIGENT ENTRUSTMENT

163.    Answering defendants incorporate the averments of paragraphs 1 through 162 inclusive as though fully set forth at length herein.

164-169. Denied. In 2002, Yellow Freight System, Inc.'s name was changed to Yellow Transportation, Inc., who merged with Roadway Express, Inc. in 2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008. To the best of answering defendants' knowledge and belief, Yellow Freight System, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 64 through 69 above.

16

**WHEREFORE,** answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

### COUNT XVI
### CHRISTINE DEITER V. YELLOW FREIGHT SYSTEM, INC.
### AGENCY

170.    Answering defendants incorporate the averments of paragraphs 1 through 169 inclusive as though fully set forth at length herein.

171-179.  Denied.  In 2002, Yellow Freight System, Inc.'s name was changed to Yellow Transportation, Inc., who merged with Roadway Express, Inc. in 2008 to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of answering defendants' knowledge and belief, Yellow Freight System, Inc. no longer existed as a viable entity at the time of the alleged accident.  By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 71 through 79 above.

**WHEREFORE,** answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

### COUNT XVII
### CHRISTINE DEITER V. YELLOW TRANSPORTATION, INC.
### NEGLIGENCE

180.    Answering defendants incorporate the averments of paragraphs 1 through 179 inclusive as though fully set forth at length herein.

181-187.        Denied.  In 2008, Yellow Transportation, Inc. (inaccurately alternately identified by plaintiff as " t/d/b/a Yellow Transport, Inc.") merged with Roadway Express to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008.  To the best of

17

answering defendants' knowledge and belief, Yellow Transportation, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 56 through 62 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT XVIII**
**CHRISTINE DEITER V. YELLOW TRANSPORTATION, INC.**
**NEGLIGENT ENTRUSTMENT**

188.    Answering defendants incorporate the averments of paragraphs 1 through 187 inclusive as though fully set forth at length herein.

189-194. Denied. In 2008, Yellow Transportation, Inc. merged with Roadway Express to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008. To the best of answering defendants' knowledge and belief, Yellow Transportation, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 64 through 69 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

**COUNT XIX**
**CHRISTINE DEITER V. YELLOW TRANSPORTATION, INC.**
**AGENCY**

195.    Answering defendants incorporate the averments of paragraphs 1 through 194 inclusive as though fully set forth at length herein.

950019_1

196-204. Denied. In 2008, Yellow Transportation, Inc. merged with Roadway Express to form Yellow Roadway Corp., whose name was changed to YRC Inc. in 2008. To the best of answering defendants' knowledge and belief, Yellow Transportation, Inc. no longer existed as a viable entity at the time of the alleged accident. By way of further answer, answering defendants incorporate by reference the averments set forth in paragraphs 71 through 79 above.

**WHEREFORE**, answering defendants David Lemee, YRC Worldwide Inc. and YRC Inc. respectfully request that this Honorable Court grant judgment in their favor and against plaintiff, Christine Deiter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against answering defendants herein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and any and all claims alleged therein, are barred by the applicable Pennsylvania statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred or are substantially reduced by the doctrines of contributory negligence and comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred by the doctrine of assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred and/or limited by the pertinent provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

950019_1

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff herein suffered injuries and/or damages as alleged, which averments are denied, then the sole and exclusive cause of any such alleged injuries and/or damages was the negligence, carelessness and/or recklessness of others, and not that of answering defendants herein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages were caused by an intervening and/or superseding cause, thereby relieving answering defendants from any liability or responsibility therefore.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages were not proximately caused by any conduct or activity on the part of answering defendants herein.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages and therefore, plaintiff is barred from recovery, either in whole or in part.

**WHEREFORE**, defendants David Lemee, YRC Worldwide Inc. and YRC Inc. deny that they are liable to plaintiff Christine Deiter and further demand judgment in their favor and against plaintiff.

GERMAN, GALLAGHER & MURTAGH

By: _____

Robert P. Corbin, Esquire
Attorney for defendants
David Lemee, YRC Worldwide Inc.
and YRC Inc.

Dated: 6/1/12

20

950019_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE DEITER** | : | |
| | : | |
| **V.** | : | |
| | : | CIVIL ACTION NO.: |
| **DAVID LEMEE, YRC, INC., YRC** | : | |
| **WORLDWIDE, INC., ROADWAY** | : | |
| **EXPRESS, INC., YELLOW ROADWAY** | : | JURY TRIAL DEMANDED |
| **CORP., YELLOW FREIGHT SYSTEM,** | : | |
| **INC. YELLOW TRANSPORTATION,** | : | |
| **INC. t/d/b/a   YELLOW TRANSPORT,** | : | |
| **INC.** | : | |

### CERTIFICATE OF SERVICE

I, Robert P. Corbin, Esquire, hereby certify that on June 4, 2012, the foregoing Answer

with Separate Affirmative Defenses to plaintiff's Complaint was filed electronically with the

Court and is available for viewing and downloading from the ECF.  The filed document was

served via electronic mail by the CM/ECF System on the following registered ECF filing users:

> Edith Rysdyk, Esquire
> Scherline & Associates
> 512 Walnut Street
> Allentown, PA 18101

Robert P. Corbin, Esquire

Dated: 6/4/12